# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Jeffery Hughes, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:08-cv-03790-JOF |
| Thurman L. Henderson, | : |
| Defendant. | : |

## OPINION & ORDER

This matter is before the court on Plaintiff's motion for appeal and motion for reconsideration [7]; Plaintiff's motions to appeal *in forma pauperis* [12, 13, 15]; Plaintiff's motion for order to compel [18]; Plaintiff's motion for oral argument [22]; and Plaintiff's "discretionary extraordinary motion for reconsideration on defendant [sic] appeal and motion for argument" [25].

Plaintiff's complaint, filed in December of 2008, alleged that he was improperly denied parole in May of 2008 for his state criminal conviction. He requested that this court require that $80.00 be deducted from his prison account to pay for his petition for writ of mandamus in the Supreme Court of Georgia. He also requested that this court grant his appeal by reconsidering him for parole. On March 19, 2009, this court issued an Order

dismissing Plaintiff's claims as frivolous pursuant to 28 U.S.C § 1915A. Plaintiff subsequently filed a motion for appeal and reconsideration of that Order on April 6, 2009. Plaintiff then filed three separate affidavits in support of his request to proceed *in forma pauperis* [12, 13, 15]. On May 14, 2009, Plaintiff filed a motion for an order to compel [18] alleging that the Clerk of this Court violated his due process and equal protection rights by "refusing to docket his action for the court's review." On June 10, 2009, Plaintiff filed a document he entitled "Motion for Oral Argument" [22]. However, the motion does not request an oral argument. Instead, it alleges that the "Parole Assistance [sic] Director Thurman L. Henderson" conspired with the family of Plaintiff's murder victim to deny Plaintiff parole. Finally, on August 5, 2009, Plaintiff filed what he entitled a "Discretionary Extraordinary Motion for Reconsideration on Defendant [sic] Appeal and Motion for Argument" [25]. This motion alleges that he was improperly denied parole for a second time in May of 2009 and that the Parole Board discriminated against him.

**Plaintiff's Motion for Appeal and Motion for Reconsideration [7]; Plaintiff's Motions for *in forma pauperis* [12, 13, 15]**

In his motion entitled "Motion for Appeal and Motion for Reconsideration," Plaintiff challenges this court's decision to dismiss his complaint. The court will treat the motion as a notice of appeal[1] and a motion for reconsideration. As to the motion for reconsideration,

---

[1] *See Smith v. Barry*, 502 U.S. 244, 248 (1992). The Clerk of the Court has already treated this motion as a notice of appeal, transmitting a certified copy of the notice, judgment, order, and docket sheet to the U.S. Court of Appeals. *See* Docket Entry [8].

2

Plaintiff contends that his complaint is not frivolous, restating both the allegations from his complaint and his request that he be charged $80.00, and that his petition for writ of mandamus be docketed in the Supreme Court of Georgia. He offers no other explanation for why his complaint is not frivolous. As Plaintiff makes no new contentions, his motion for reconsideration is DENIED for the reasons stated in the original Order of this court.

Typically, before a litigant may proceed with his appeal *in forma pauperis*, this court must determine whether the appeal is taken in good faith. Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a). An appeal is not taken in good faith when the litigant seeks review of issues which are frivolous. *Ellis v. United States*, 356 U.S. 674, 674 (1958); *Parsell v. United States*, 218 F.2d 232, 236 (5th Cir. 1955).[2] *See also Coppedge v. United States*, 369 U.S. 438, 445 (1962) (frivolity is judged from objective standard). An appeal is frivolous when the issues are "without arguable merit" and therefore futile. *Pace v. Evans*, 1429 (11th Cir. 1983). For the reasons explained in the court's Order dismissing Plaintiff's complaint, the court finds that the issues Plaintiff would raise on appeal are without arguable merit. Accordingly, the court DENIES Plaintiff's motions to appeal *in forma pauperis* [12, 13, 15].

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions that the former Fifth Circuit rendered prior to October 1, 1981.

3

**Plaintiff's Motion for an Order to Compel [18]**

This motion alleges that the clerk of this court refuses to docket Plaintiff's action. However, this action has clearly been docketed as this court has both received and dismissed Plaintiff's complaint and is currently considering Plaintiff's pending motions. Therefore, this court DENIES AS MOOT Plaintiff's motion for an order to compel [18].

**Plaintiff's Motion for Oral Argument [22]**

As noted above, Plaintiff's motion for oral argument does not actually request oral argument. Instead, Plaintiff contends that members of the Georgia State Board of Pardons and Paroles are "conniving" against him with the family members of Plaintiff's victim to deny Plaintiff parole. It is unclear to the court what Plaintiff is requesting in this motion. To the extent Plaintiff is re-alleging the claims made in his complaint, Plaintiff's motion for oral argument is DENIED for the reasons stated in the original Order of this court. To the extent Plaintiff alleges claims that are unrelated to his original complaint, the court will not consider these claims. If Plaintiff wishes to pursue those claims, he must file a separate complaint.

**Plaintiff's "Discretionary Extraordinary Motion for Reconsideration on Defendant [sic] Appeal and Motion for Argument" [25]**

Although not completely clear to the court, Plaintiff seems to be arguing that he was improperly denied parole a second time in May of 2009. As this claim was not a part of Plaintiff's complaint, it will not be considered by this court. If Plaintiff wishes to pursue

4

those claims, he must file a separate complaint. To the extent Plaintiff is re-alleging the claims made in his complaint, Plaintiff's motion for reconsideration is DENIED for the reasons stated in the original Order of this court.

**Conclusion**

In conclusion, the court DENIES Plaintiff's motion for reconsideration and motion for appeal [7]; DENIES Plaintiff's motions to appeal *in forma pauperis* [12, 13, 15]; DENIES AS MOOT Plaintiff's motion for order to compel [18]; DENIES Plaintiff's motion for oral argument [22]; and DENIES Plaintiff's "discretionary extraordinary motion for reconsideration on defendant [sic] appeal and motion for argument" [25].

**IT IS SO ORDERED** this 31st day of August 2009.

/s J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)